OPINION
This matter is before this court upon the appeal of defendant-appellant, J. H. Hosfelt Investment Company ("Hosfelt") from the December 28, 1998 judgment and order of the Franklin County Municipal Court, which granted summary judgment in favor of plaintiff-appellee, Charter Title Agency, Inc. ("Charter").
In the present case, the parties stipulated to certain facts, including the following: Hosfelt entered into an oral agreement with Thomas A. Smith, whereby Smith would purchase from Hosfelt certain real property; the property was to be conveyed by Hosfelt to Smith free and clear of all liens, real estate taxes and other encumbrances; Charter conducted the closing on the sale of the property; Charter performed a title search for the property and, through its underwriter, issued a commitment for title insurance; schedule B-Section II of the title commitment reveals that, in addition to $701.44 due for current real estate taxes (second half of 1997), there were $4,769.26 due in taxes for the year 1996 (including 1995 taxes from penalties and interest); as of the date of closing, there were $5,540.84 in real estate taxes due or to become due on the property; due to Charter's error, only $782.08, representing the taxes for the period from July 1, 1997 through January 21, 1998, was withheld from Hosfelt's funds at closing.
At the closing, Hosfelt signed a compliance agreement providing that: "[Hosfelt] agrees if requested by Charter * * * to fully cooperate and adjust for clerical errors on any or all documents deemed necessary in the reasonable discretion of Charter." Charter tendered the $782.08 withheld from Hosfelt's funds at closing to the Franklin County Treasurer. This payment was returned to Charter because it was not sufficient to cover the tax liability. On April 2, 1998, Charter paid the $5,540.84 due in real estate taxes, which were due on the property at the date of closing; of this amount, $4,758.76 was paid from Charter's own funds. Charter requested that Hosfelt reimburse them for the $4,758.76 Charter paid to satisfy the real estate taxes owed on the property which Charter had failed to withhold from Hosfelt's funds at closing; Hosfelt refused to reimburse Charter for this amount.
Thereafter, Charter filed an action in the Franklin County Municipal Court seeking to recover $4,758.76 from Hosfelt on the basis of unjust enrichment. Charter filed a motion for summary judgment, which was granted by the trial court on December 28, 1998, and a certificate of judgment was issued on January 4, 1999. In granting Charter's motion for summary judgment, the trial court made the following relevant findings: the title search document accurately indicated the real estate taxes due or about to become due on the property; however, in preparing the closing statement, Charter committed a clerical error by leaving out a substantial portion of the real estate taxes indicated on the title search document as due. Pursuant to the compliance agreement signed by Hosfelt and Smith, Hosfelt agreed to adjust for clerical errors and that Hosfelt's failure to reimburse Charter for the amount paid by Charter to cover the real estate taxes due and owed by Hosfelt resulted in the unjust enrichment of Hosfelt at Charter's expense. As such, the court entered judgment in favor of Charter and ordered Hosfelt to pay the sum of $4,804.33, together with Charter's costs of the action.
Hosfelt filed a notice of appeal in this court and assigns the following sole assignment of error:
 The trial court erred as a matter of law in concluding that Plaintiff-Appellee has met the Civil Rule 56 standard for summary judgment predicated on the findings that Plaintiff-Appellee's error in not correctly listing all real estate taxes due on property sold by Appellant constitutes "clerical error."
Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1.
Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.
The moving party has the burden of showing that there is no genuine issue as to any materials fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show genuine issue for trial. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. Further, this court reviews the lower court's granting of summary judgment de novo. Koos v. Cent. Ohio Cellular, Inc.
(1994), 94 Ohio App.3d 579.
In its brief, Hosfelt argues that Charter's failure to accurately indicate on the closing documents the total amount of real estate taxes Charter found to be due or about to become due on the property when Charter conducted the title search and issued the commitment does not constitute a clerical error. Hosfelt argues that Charter failed to do its job properly and that Hosfelt should not be obligated to reimburse Charter for the taxes which Charter paid on the property. This court disagrees.
In order to prevail upon a claim for unjust enrichment, a plaintiff must show the following: (1) that a benefit has been conferred upon the defendant; (2) that the defendant is aware of that benefit; and (3) that the defendant's retention of the benefit would be unjust or unfair. Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179. Charter's claim for unjust enrichment is based upon the following facts: (1) Hosfelt was the party responsible for the payment of the real estate taxes at the time that the real estate taxes at issue became due and owing; (2) Charter properly indicated the correct amount of real estate taxes due and owing on the commitment; (3) Charter incorrectly noted that only $782.08 was due on the closing documents; and (4) that Hosfelt signed an agreement promising to fully cooperate and adjust for any clerical errors. Charter asserts that, if Hosfelt does not reimburse Charter for the real estate taxes which Charter paid in the present case, Hosfelt will be unjustly enriched.
Upon a review of the record, this court concludes that the granting of summary judgment in favor of Charter was appropriate. In its title commitment documents, Charter noted the full amount of real estate taxes due and owing upon the property by Hosfelt. However, when the closing documents were prepared, only a small proportion of the total amount of real estate taxes Hosfelt owed were indicated. It is this court's conclusion that, if Hosfelt was not to reimburse Charter for the amount of those taxes, Hosfelt would be unjustly enriched. As such, it is this court's conclusion that the granting of summary judgment was proper.
Based on the foregoing, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.