OPINION
On March 31, 1998, plaintiff-appellants Richard and Louella Chapman filed a Complaint against defendants-appellees Ron Cooper and Arnold Cooper. Appellant brought claims of breach contract, unjust enrichment and Ohio Consumer Sales Practices Act based upon a contract between the parties concerning the construction of a log home. Pursuant to the written construction contract in this matter, certain draws were to be made on appellants' construction loan upon completion by appellees of certain items. Plaintiff-appellants also entered into a separate contract with Southland Log Homes for the purchase of the log home package. The cost of the log home package was $24,084.00. The following payments are undisputed: defendant-appellees received the first draw of $11,842 upon completion of the initial excavation and foundation work; plaintiff-appellants paid the block layer $1,373.75 directly; and defendant-appellees paid $801 for the freight charges for the logs which were delivered. Plaintiff-appellants also paid $24,084 to Southland Log Homes. Subsequent to the initial excavation and foundation being completed and delivery of the log package, disputes arose as to when the next draw was to paid, in addition to some disagreement as to what type of ceiling/roof plaintiff-appellants were entitled under the contract. At this point, work ceased at the construction site. Plaintiff-appellants claim that defendant-appellees refused to resume work until the $8,500 basement draw was paid. Defendant-appellees claim that Plaintiff-appellants refused to make any further payments until the home was completed. This action was tried to the court on August 23 and 24, 1999. The trial court, in its opinion of January 6, 2000, found in favor of Appellees as to all claims. It is from the trial court's decision in favor of appellees that appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE DEFENDANTS WERE NOT IN BREACH OF CONTRACT AND THE COURT'S DECISION AGAINST THE PLAINTIFFS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE DEFENDANTS WERE NOT UNJUSTLY ENRICHED AND THE COURT'S DECISION AGAINST THE PLAINTIFFS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellants claim that the trial court's decision finding that Appellees did not breach the contract in this matter was against the manifest weight of the evidence. We disagree. We, as an appellate court of review, are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279
. In the instant case, while there may have been conflicting evidence presented in this matter as to the terms of the contract and the true reasons why construction on the home ceased, the trial court, as trier of fact, clearly was in the best position to observe the demeanor of the witnesses and to assess their credibility. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. The function of the trier of fact is to sort out the conflicts and determine the truth of the matter before it. Upon review of the trial transcript in this matter, we find that there is some competent, credible evidence that supports the decision of the trial court in this matter. Accordingly, we overrule appellants' first assignment of error.
 II.
In appellants' second assignment of error they maintain the trial court erred finding against appellants on their cause of action for unjust enrichment. We disagree. As stated above, the applicable standard of review is manifest weight of the evidence. In order to recover under a theory of unjust enrichment or quasi-contract, a plaintiff must prove by a preponderance of the evidence: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) for him to retain that benefit under circumstances where it would be unjust for him to retain that benefit without payment. Hambleton v. R.C. Barry Corp. (1984), 12 Ohio St.3d 179, 183, 465 N.E.2d 1298. See, also, Hummel v. Hummel (1938), 133 Ohio St. 520, 525. The trial court had before it, competent, credible evidence that work that was performed thus far by Appellees is worth more than what Appellants paid for such work. Accordingly, we find the trial court's decision against Appellants on their unjust enrichment claim was supported by competent, credible evidence. Appellants' second assignment of error is overruled.
The decision of the trial court is affirmed.
 ______________ Boggins, J.
Hoffman, P.J. and Wise, J. concur