OPINION
Appellant North American Precast, Inc. ("North American Precast") appeals the decision of the Fairfield County Court of Common Pleas that granted summary judgment in favor of Appellee Suram Construction Company ("Suram") and Appellees Kantu and Urmila Patel ("Patels"). The following facts give rise to this appeal. In February 1997, Shrisitaram, Inc., a corporation controlled by Urmila and Kantu Patel, entered into a contract with Suram for the construction of an addition to a Hampton Inn. Shrisitaram, Inc. hired Suram, as the general contractor, after Suram submitted a bid of $977,000. A discrepancy exists as to whether additional work ordered by the Patels increased the contract sum to $1,036,000. Thereafter, Suram accepted a bid from North American Precast and entered into a contract with North American Precast to supply and install the precast floors, for the project, for the agreed upon price of $55,564. The contract between the Patels and Suram required the general contractor to obtain a performance and payment bond for the project. However, sometime after North American Precast contracted with Suram, the Patels and Suram modified the provision of the contract that required Suram to obtain a performance and payment bond. Instead, the Patels agreed to retain $100,000, from the first payment to Suram, to be held in lieu of a performance and payment bond. The contract entered into between the Patels and Suram contained a schedule of values for various aspects of the work. When that portion of the work or materials was completed, Suram would submit an application for payment. After reviewing the application, the architect on the project, Dwain Lee, would certify payment to First National Bank Zanesville, the bank holding the funds for the project. Pursuant to this procedure, Suram submitted an application for payment to the architect on August 11, 1997. The requested draw was $231,900. The application included a request for payment, in the amount of $58,800, for a Flexicore floor system provided by North American Precast. Although this amount was higher than the original contract price, the amount was within the scheduled value allotted for this portion of the project, which was $77,633. The architect certified that the bank could pay $227,615. However, the bank only released $127,615 and retained $100,000 pursuant to the agreement entered into between the Patels and Suram. On September 24, 1997, Suram submitted another application for payment. In this application, Suram requested an additional $55,560 for the materials provided by North American Precast. Thus, Suram's total request for payment, between the two draws, was $114,560. However, because the second request by Suram exceeded the allotted scheduled value of $77,633, the architect limited payment to an additional $18,833. Thus, Suram received a total of $77,633 for the materials provided by North American Precast. Subsequently, the Patels terminated Suram as the general contractor on the project due to alleged repeated failures to perform the contract in a timely and workmanlike manner. At the time of the termination, the architect estimated that Suram completed seventy to seventy-two percent of the work on the project and authorized an amount of seventy-two percent of the total contract, less $100,000 retainer, certified for payment. Suram received a total of $455,517 for work it performed on the project. North American Precast received no payment for the work it performed on the project. On November 14, 1997, North American Precast filed a complaint, in the Summit County Court of Common Pleas, against Suram and the Patels. Pursuant to a motion filed by the Patels, the Summit County Court of Common Pleas transferred this matter to the Fairfield County Court of Common Pleas. Following the transfer, on August 26, 1999, Suram filed a cross-claim against the Patels. The Patels filed a cross-claim against Suram on September 14, 1999. Thereafter, the Patels filed a motion for summary judgment. The trial court granted the Patel's motion for summary judgment on March 3, 2000. North American Precast filed a motion for reconsideration on March 16, 2000. Suram and the Patels filed a joint dismissal of their cross-claims on April 25, 2000. On May 11, 2000, the trial court denied the motion for reconsideration. North American Precast filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN THAT THERE ARE OUTSTANDING MATERIAL ISSUES OF FACT AND DEFENDANTS ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANTS-APPELLEES FULLY PAID THE GENERAL CONTRACTOR FOR MATERIALS SUPPLIED BY AND WORK PERFORMED BY PLAINTIFF-APPELLANTS (SIC), DESPITE CONTRARY EVIDENCE IN THE FORM OF AFFIDAVITS AND DOCUMENTARY EVIDENCE PRESENTED TO THE COURT.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review North American Precast's assignments of error.
 I, II
We will address North American Precast's First and Second Assignments of Error simultaneously. North American Precast contends, in these assignments of error, that the trial court erred when it granted summary judgment in this matter because the Patels did not fully pay Suram for materials supplied and work performed. We agree. In order to recover under a theory of unjust enrichment, a plaintiff must prove by a preponderance of the evidence: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) for him to retain that benefit under circumstances where it would be unjust for him to retain that benefit without payment. Wickford Metal Products v. Tri-Village Church of Christ, Inc. (Dec. 1, 1998), Licking App. No. 98CA47, unreported, at 3, citing Hambleton v. R.C. Barry Corp. (1984), 12 Ohio St.3d 179, 183. See also, Hummel v. Hummel (1938),133 Ohio St. 520, 525.
In the case sub judice, North American Precast argues that based on the affidavits and other evidence it submitted in opposition to the Patel's motion for summary judgment, the trial court incorrectly concluded that it would not be unjust for the Patels to retain the benefit of the precast flooring without paying for it. In support of this argument, North American Precast cites to the following evidence. First, the affidavit of Jesse Childers, Vice-President of North American Precast, provides that North American Precast and Suram agreed to a contract price of $55,564 for the flooring and that Suram did not pay any money for the work performed or materials supplied by North American Precast for the project. Second, the affidavit of Dwain Lee, dated December 20, 1999, indicates that the contract sum for the project, including additional work requested by the Patels, was $1,036,000. Mr. Lee also reviewed the manner in which the draws were paid and the amounts paid for each draw. Specifically, under the first draw, Mr. Lee allotted $58,800 for flooring expenses, which was the amount requested by Suram in their application for payment. Under the second draw, Mr. Lee allotted $18,833 for flooring expenses, which is $36,727 less than Suram requested. The record indicates Mr. Lee only awarded $18,833, under the second draw, in order to remain within the $77,633 dollar amount designated in the schedule of values. Mr. Lee also indicates, in his affidavit, that he did not direct the bank to make any check payable to North American Precast and that the total payments on the project, after completion of the entire project, was $948,227. Based on this evidence, North American Precast argues that had the Patels, on the first and second draw, paid over $217,000 to which Suram was entitled, Suram would have been able to pay North American Precast for the flooring installed on the project. North American Precast also argues that at the time the contract terminated, the total dollar amount of the payments made to Suram comprised less than forty-four percent of the contract price even though Mr. Lee stated in a letter to the Patels that Suram, at the time it left the project, had completed seventy to seventy-two percent of the project. Finally, North American Precast argues that the trial court incorrectly determined that the Patels paid more than the contract price of the project. We find a question of material fact exists as to the total dollar amount the Patels actually paid for the completion of the project. The trial court relied on the affidavit of Mr. Patel in which he states that he paid a total of $1,187,749 to complete the project. In Mr. Lee's affidavit attached to the Patels' motion for summary judgment, dated November 8, 1999, Mr. Lee avers that "[a]s a result of the failure of Suram to fulfill its obligations under the contract Shrisitaram (the Patels' corporation) was ultimately required to pay at least $1,187, 749.00 for a project that was to cost only $977,000.00." See Affidavit Dwain Lee at paragraph 25. However, in an affidavit attached to North American Precast's response to the Patel's motion for summary judgment, dated December 20, 1999, Mr. Lee indicates the contract price of the project was $1,036,000, not $977,000. Mr. Lee also states, in this affidavit, that he certified payments, from the bank, for the completion of the project, in the amount of $948, 227. See Affidavit Dwain Lee at paragraph 21. We conclude this discrepancy, in the actual dollar amount paid by the Patels for the cost of the project, creates an issue of material fact for a jury to decide. The trial court concluded that the Patels were entitled to summary judgment because they paid nearly $200,000 more than the original contract price. The trial court based its calculation on the cost to complete the project according to Mr. Patel ($1,187,749) less the contract price agreed to by the Patels and Suram ($977,000). In reaching this conclusion, the trial court relied on the Wickford case, supra, and other case law that provides that a materialman is barred from recovering against the owner if the owner has paid the full price to a contractor. Based on its calculations that the Patels paid over $200,000 more than the contract price, the court found North American Precast barred from recovering against the Patels. However, due to the discrepancies that exist between the two affidavits filed by Mr. Lee as to the actual dollar amount of the contract as agreed to by the Patels and Suram and the actual dollar amount the Patels paid to complete the project, material issues of fact exist for a jury to decide. We also find a material issue of fact exists concerning whether the Patels paid Suram for the amount of work it actually completed on the project. Specifically, this relates to the fact that Mr. Lee stated, in a letter dated December 11, 1997, to the Patels, that "[b]ased on my observation, I estimate the work is 70-72% complete at present and I authorize that an amount equal to 72% of the total contract, less the $100,000 retainer, is (sic) certified for payment." Seventy-two percent of the contract price if the contract price is $977,000, less the $100,000 retainer, is $603,440. Seventy-two percent of the contract price if the contract price is $1,036,000, less the $100,000 retainer, is $645,920. No matter which figure is used for the contract price, the record indicates that Suram only received a total of $555,517 from the Patels for the work it performed on the project. Based on these two issues of material fact, we conclude the trial court improperly granted summary judgment in this matter. North American Precast's First and Second Assignments of Error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 _____________ Wise, J.
Edwards, P.J., and Farmer, J., concur.