HAMBLETON ET AL., APPELLANTS, *v.* R.G. BARRY CORPORATION, APPELLEE.

[Cite as Hambleton *v.* R.G. Barry Corp. (1984), 12 Ohio St. 3d 179.]

(No. 83-1680—Decided July 25, 1984.)

*Messrs. Knepper, White, Arter & Hadden, Mr. Louis E. Gerber* and *Mr. W. Locke McKenzie, Jr.,* for appellants.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John C. Elam, Mr. Michael W. Donaldson* and *Ms. Nancy E. Herrold,* for appellee.

*Per Curiam.*

I

The first issue presented is whether appellants' cause of action as set forth in count one of their complaint is time-barred. For the reasons that follow, this court holds that this action was not timely filed pursuant to the time limitations set forth in R.C. 2305.09(B).

It is undisputed that the applicable statute of limitations as to count one of the complaint is contained in R.C. 2305.09. This section provides in part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(B) For the recovery of personal property, or for taking or detaining it;

"* * *

"If the action is for * * * the wrongful taking of personal property, the causes thereof *shall not accrue until the wrongdoer is discovered * * *.*" (Emphasis added.)

In order to determine if this action is timely, then, this court must determine when the cause of action accrued, *i.e.,* the time when the party discovered the wrongdoing. The discovery of the wrongdoing may be constructive as well as actual, for in *Schofield* v. *Cleveland Trust Co.* (1948), 149 Ohio St. 133, 142 [36 O.O. 477], this court, in construing the predecessor to R.C. 2305.09, stated as follows:

" 'If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry, and he fails to do so, he is chargeable with knowledge which by ordinary diligence he would have acquired.' * * *"

The court of appeals determined that appellants could have, had they used reasonably diligent efforts, discovered their claim as early as 1971 and as late as 1974:

"When the uncontroverted fact of [appellee's] marketing the shoes in late 1974 is coupled with [appellants'] knowledge in August and September of 1971, and their not having received a response from [appellee] to their attorney's letter, *the conclusion is inescapable that [appellants] were charged with constructive notice of wrongdoing* when [appellee] began marketing the shoes. As early as 1971, they possessed knowledge sufficient to lead a reasonably prudent person to make inquiry and, once the shoes were marketed, *the circumstances were such that the barest inquiry would have led to actual knowledge of the claimed wrongdoing.* See *Schofield* v. *Cleveland Trust Co.* (1948), 149 Ohio St. 133, at 142 [36 O.O. 477]. [Appellants] were placed on in-

quiry by the knowledge they possessed in 1971 and the shoes were first marketed in the Fall of 1974, and extensively during 1975; [appellants] cannot avoid constructive notice by failing until the Fall of 1978 to inquire. Instead, *they are charged with the knowledge which they would have acquired by the exercise of ordinary diligence.*

"Accordingly, as to the intangible personal property interest, whether [appellants] are charged with actual notice that [appellee] was a wrongdoer in 1971, or with constructive notice of that fact in December 1974, their action was not timely filed in late 1979." (Emphasis added.)

This court concurs with the assessment of the court of appeals that appellants' cause of action accrued in late 1974. In addition to the factors enunciated by the appellate court, this court would also note that the record reveals that when appellants were fired, Darrell Strub, one of their colleagues who had likewise been hired for "Project Mushroom," was retained and continued to work for appellee. The record is also devoid of evidence that would indicate appellee was trying to conceal its expenditures of time and money in the development and sale of the polyurethane sole; since 1971, information pertaining to such a sole appeared in appellee's annual reports. Moreover, the fact that appellee began manufacturing and marketing the shoes in 1974 cannot be minimized.

Based on the combination of these factors, the court of appeals was correct in concluding that appellants possessed knowledge sufficient to lead a reasonably prudent person to make inquiry and had such inquiry been made with reasonable care and diligence, it would have led to the discovery of the alleged wrongdoing in 1974. As such, their action filed in 1979 was untimely in that it was filed beyond the four-year statute of limitations specified in R.C. 2305.09(B).

## II

The second issue presented is whether appellants pleaded in count two of their complaint an action in contract or quasi-contract so as to invoke the six-year statute of limitations of R.C. 2305.07.[2] For the reasons that follow, this court holds that appellants' complaint does state a claim for quasi-contract and is thus subject to the statute of limitations set forth in R.C. 2305.07.

In count two of their complaint, appellants incorporated the allegations contained in count one and added the following:

"[Appellee's] conduct constitutes a violation of its confidential relationship with the [appellants] and of its duties arising therefrom, giving rise to a right of recovery by [appellants] for the unjust enrichment the [appellee] has realized from such conduct."

Appellants contend that this allegation of breach of a confidential rela-

---

[2] R.C. 2305.07 provides as follows:

"Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued."

tionship is sufficient to state a cause of action in quasi-contract, whereas appellee asserts this allegation sounds in terms of a tort only.

This court has previously held that, in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial. See, *e.g.*, *Kunz* v. *Buckeye Union Ins. Co.* (1982), 1 Ohio St. 3d 79; *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161 [63 O.O.2d 262].

In *Hummel* v. *Hummel* (1938), 133 Ohio St. 520, 525, this court observed that liability in quasi-contract "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain * * *." The court of appeals in this case listed the elements of quasi-contract as follows: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')."

Using these criteria, this court finds, contrary to the finding of the court of appeals, that appellants' complaint alleges that: (1) appellants conferred a benefit upon appellee, *i.e.*, the idea to use self-skinning polyurethane in footwear; (2) appellee knew of the benefit since it marketed a line of footwear using appellants' process; and (3) appellee would be unjustly enriched to retain the benefit without compensating appellants. Count two of appellants' complaint, which seeks restitution in the amount appellee has been unjustly enriched by retaining appellants' intangible personal property, thus sufficiently states a claim in quasi-contract.

It is stressed that this court need not address whether appellants should be required to elect the cause of action which they ask the trial court to enforce, *i.e.*, the tort action or the contract action, inasmuch as appellants are barred from bringing their tort action for conversion by virtue of this court's decision in Part I, *supra*. See, generally, 18 Ohio Jurisprudence 3d (1980) 298, Contracts, Section 361; and Civ. R. 8(E)(2).

### III

The third issue raised is whether the trial court abused its discretion in denying appellants' motion to amend their complaint to assert a specific claim for damages made some five months prior to the scheduled trial date. This court holds that the trial court abused its discretion in not permitting the amendment pursuant to both Civ. R. 15(A) and 54(C).

Civ. R. 15(A) provides as follows:

"* * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

In *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161 [63 O.O.3d 262], this court held at paragraph six of the syllabus:

"It is an abuse of discretion for a court to deny a motion, timely filed,

seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed."

The only reason stated by the trial court for denying appellants' motion was that appellee would be prejudiced by the amendment since trial would "undoubtedly" be delayed "while * * * R.G. Barry obtained witnesses, and re-deposed witnesses." This court finds that the record fails to indicate why appellee could not accomplish an investigation and re-depose witnesses in a five-month span. In light of the requirement that amendments "be freely given" this court holds that the trial court below abused its discretion in not allowing the instant amendment.

Moreover, failure to allow this amendment runs *contra* to Civ. R. 54(C), which provides as follows:

"* * * [A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand *unless* he amends his demand not later than seven days before the commencement of the trial. * * *" (Emphasis added.)

Appellants' amendment sought to amend their complaint to include a specific demand for $10,000,000 in damages; it did not add to or change their cause of action. Furthermore, this motion was made some five months prior to the scheduled trial date. Accordingly, appellants' amendment should have been allowed pursuant to Civ. R. 15(A) and 54(C).

## IV

The fourth issue presented is whether the trial court erred in joining Darrell Strub as a party-plaintiff under Civ. R. 19. This court holds that the trial court did not abuse its discretion in so allowing.

Civ. R. 19(A) states in part that:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *."

Civ. R. 19(A) encourages, and Ohio decisional law favors, a policy of liberally granting joinder. In *Ervin* v. *Garner* (1971), 25 Ohio St. 2d 231, 236, [54 O.O.2d 361], this court stated that any party may request joinder "so that all claims of interest arising out of the single occurrence could be resolved."

The record in this case indicates that Strub was integrally involved in the dealings of appellants and appellee. Appellee correctly asserts that Strub, due to his involvement with appellants in the project, is likely to have claims against appellee similar to those asserted by appellants. Thus, without Strub as a party-plaintiff, appellee could not be accorded "complete relief" since Strub could, at some later point, assert his claim against appellee. Moreover, appellee correctly points out that appellants have neither demonstrated nor alleged any prejudice by having Strub joined as a party-plaintiff. Accordingly, this court finds that the trial court did not abuse its discretion in allowing this joinder.

For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.