OPINION
Both plaintiffs are appealing from the entry of summary judgment in favor of the defendants-appellees. Except for the names of the plaintiffs, both cases involve the same set of facts and raise the same issue of law and were decided by the trial court on the same date with decisions and opinions that are identical in all respects except for the names of the plaintiffs. As such, this court consolidated the cases for the sole purpose of appeal. One brief was filed for both plaintiffs-appellants by the same counsel that represented both of them at the trial level. One brief was filed on behalf of defendants-appellees. No reply brief was filed by appellant which, considering the authority cited by the appellees in their brief, is understandable.
As already noted, the trial court filed its decisions and opinions in the two cases in entries that are identical except for the names of the plaintiffs and the type of work they did on the house that was being constructed by Ronald and Gayle Musilli (referred to jointly by the trial court as "Musilli"). The facts behind both cases are set forth in the trial court's decision and entry of both cases, which we will quote below. We will use the decision and entry in the Brower Products, Inc. case, as that was the first one filed, with differences from a Donovan Kessler Construction, Inc. case noted in brackets as follows:
I. FACTS
 On or about April 16, 1996, Musilli entered into an agreement with Bertling Bertling Homes, Inc. (hereinafter referred to as "Bertling") wherein Bertling was to construct a residence for Musilli for the contract sum of $286,500.00. At the time of the entering of the agreement with Bertling, Musilli made a $3,000.00 down payment to Bertling, and the remaining balance owing on the contract was funded by a construction loan in the amount of $270,800.00 plus an additional $12,700.00 which was to be paid out of Musillis' own funds. On or about July 8, 1997, Bertling walked off the Musilli construction project with the construction of the Musilli residence not completed. At the time Bertling refused to return to the Musilli residence to complete the construction contract, Musilli had paid to Bertling $215,625.00 of the construction contract, leaving a balance remaining unpaid to complete the construction contract of $70,875.00.
 After Bertling abandoned the Musilli project, Musilli hired sub-contractors, materialmen and laborers to finish the project in accordance with the construction contract that had been initially entered into with Bertling. To complete the contract entered into with Bertling, Musilli had to pay sub-contractors, materialmen and laborers over $78,000.00 to complete the construction contract originally entered into with Bertling ($7,125.00 more than the remaining balance available to complete the contract). In total, Musilli had paid in excess of $291,625.00 for purposes of completing the contract which had originally been entered into with Bertling for the contract sum of $286,500.00.
 Brower is a supplier of cabinets and other building materials. Bertling allegedly purchased materials from Brower for the construction of the Musilli residence. In performing work for Bertling, Brower did provide cabinets and other building materials to the Musilli residence under a contractual arrangement between Brower and Bertling. There is no evidence in the record that Bertling has paid Brower for the money owed to Brower for providing cabinets and other building materials in the Musilli residence, likewise, there is no evidence in the record that Musilli ever agreed to pay Brower for such materials.
 [Kessler was a sub-contractor that was hired by Bertling to provide interior trim and labor to certain areas of the Musilli home. In performing work for Bertling, Kessler did provide interior trim and labor to the Musilli residence under a contractual arrangement between Kessler and Bertling. There is no evidence in the record that Bertling has paid Kessler for the money owed to Kessler for providing material and carpentry services in the Musilli residence, likewise, there is no evidence in the record that Musilli ever agreed to pay Kessler for such material and carpentry services].
 It is uncontroverted by the evidence in the record that Musilli has paid in excess of the negotiated contract price which they had negotiated with Bertling for purposes of completing the construction of the Musilli residence. The issue before this Court is whether there are any facts presented, as a matter of law, which supports Brower's [Kessler's] claim for recovery against Musilli under the theory of unjust enrichment.
After setting forth the requirements under Ohio law for disposing of motions for summary judgment, the court rendered its decision upholding both motions for summary judgment, with the following analysis:
 Musillis' Motion for Summary Judgment requests this Court to hold that Brower [Kessler] is not entitled to recover against Musilli on the theory of unjust enrichment. Ohio law allows a sub-contractor or materialman to pursue unjust enrichment as a theory of liability in addition to any available statutory claim under limited circumstances. Pickaway County Ross-Co Redi Mix Co., Inc. v. Steveco, Inc. (1996), 1996 WL 54174. However, to recover under a theory of unjust enrichment, Brower [Kessler] must prove,
 "(1) the Plaintiff conferred a benefit on the Defendant,
 (2) the Defendant had knowledge of such benefit, and
 (3) the Defendant retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment."
 Id., citing Hembleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183. Unjust enrichment generally entails not only that the Plaintiff suffer a loss, but that the Defendant received a gain. Id. Clearly, Brower [Kessler] has suffered a loss in that Brower [Kessler] has arguably not been compensated for materials it supplied pursuant to its relationship with Bertling in connection with the construction of the Musillis' residence. However, notwithstanding this fact, there is no evidence in the record which supports the fact that Musillis have received a gain in light of the fact that the Musillis ended up paying more than the initial contract price for the construction of their residence. As a matter of law, Musilli should not be required to pay twice for materials which were supplied by Brower [Kessler] in accordance with the contract it had with Bertling. When considering the evidence most strongly in favor of Brower [Kessler], there is no evidence which supports that Musilli received a gain from the material and the services that were performed by Brower [Kessler] under the terms of its contract with Bertling. Since the uncontroverted evidence supports that Musilli has completed the original contract at a price in excess of the initial contract price, there are no issues of fact which support Brower's [Kessler's] claim that it is entitled to judgment against Musilli under the theory of unjust enrichment.
Therefore, based upon the foregoing, Musilli's Motion for Summary Judgment against the claim for unjust enrichment filed by Brower [Kessler] is hereby sustained and Plaintiff's Complaint against Musilli is hereby dismissed with prejudice.
In its brief to this court, the appellees pointed out that this court issued a decision on October 2, 1998, one month before the decision of the trial court on the consolidated cases, which is dispositive of the issue raised in this case, that is whether a subcontractor who was not paid by the original general contractor can lawfully claim unjust enrichment against the homeowner who has already paid the defaulting general and then takes over the construction and ends up paying more to complete the construction than the construction contract originally called for. This court, in an opinion and decision that carefully reviewed all the current case law and statutes bearing on the matter, held that a subcontractor of the original general contractor had no unjust enrichment claim against the homeowner in those circumstances, which, indeed, are the same circumstances that exist in both consolidated cases on appeal here. Booher Carpet Sales, Inc. v.Erickson (Oct. 2, 1998), Greene App. No. 98-CA-0007, unreported. In Booher, this court clearly held that a property owner is not liable to a subcontractor of the defaulted general contractor "for any amount greater than the unpaid balance of the contract, minus the cost to complete the contract according to its terms." Id., at 7. As the trial court recognized in both cases on appeal here, the homeowner (the Musillis) ended up paying more to complete the construction contract than the contract called for originally.
The appellants argue that at least part of the excess paid by the Musillis is a result of change orders from the original contract terms, but that issue is not supported by any evidence presented to the trial court. The appellants attempt to buttress this claim by copies of documents attached to their brief, but which were never presented to the trial court. Therefore, such "evidence" is not part of the record on appeal, and we must disregard it. State v. Ishmael (1970), 54 Ohio St.2d 402, 8 O.O.3d 405.
On the authority of Booher, therefore, appellants' assignment of error in both cases, that the trial court erred in granting defendants' motion for summary judgment, is overruled and both judgments are affirmed.
BROGAN, J. and FAIN, J., concur.