DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Richard and Lori Josephson, appeal from the judgment of the Akron Municipal Court awarding damages for unjust enrichment to Appellee, The Apostolos Group, Inc. We reverse.
On April 22, 1999, Appellants contracted with M.L. Frederick Builders, Inc. ("Frederick Builders") for the construction of a residence. The contract provided that Frederick Builders could subcontract with third parties and, accordingly, Frederick Builders subcontracted Appellee to paint Appellants' house. Subsequently, Frederick Builders abandoned the construction of Appellants' house, and later filed bankruptcy. Appellee then billed Appellants for the painting; however, Appellants refused to pay. As a result of Appellants' failure to pay, Appellee filed a complaint claiming breach of contract and unjust enrichment. The trial court awarded Appellee damages on the basis of unjust enrichment. Appellant timely appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law in finding that Appellants were unjustly enriched when Appellants had paid the contract price for the home.
In their first assignment of error, Appellants aver that the trial court erred in finding that Appellants were unjustly enriched when they had to expend an amount greater than the original contract price to complete the work under the construction contract. We agree.
Initially, we note that before a subcontractor may pursue an action against a property owner for unjust enrichment, the general contractor must be unavailable for judgment and unable to obtain the money that the subcontractor demands from the property owner. Booher Carpet Sales, Inc.v. Erickson (Oct. 2, 1998), Greene App. No. 98-CA-0007, unreported, 1998 Ohio App. LEXIS 4643, at *17. This prevents the subcontractor from making a double recovery or requiring the property owner to pay twice for the same performance. Id. In the present case, Appellee could not make a double recovery as Frederick Builders filed bankruptcy, which extinguished its ability to pay Appellee, and Frederick Builders could not obtain the payment from Appellants due to its failure to complete construction of the house. Therefore, Appellee was not barred from pursuing a claim for unjust enrichment.
To recover under the theory of unjust enrichment, the plaintiff must prove the following elements:
the plaintiff conferred a benefit on the defendant;
the defendant had knowledge of the benefit; and
 the defendant retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment.
Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183. Additionally, unjust enrichment involves not only the plaintiff suffer a loss, but the defendant must receive a gain. See id. Furthermore, it has been held that a subcontractor does not have a claim for unjust enrichment against a property owner who has already paid a portion of the contract price to a defaulting general contractor and subsequently assumes control over the construction and spends more to complete the construction than the original contract required. Brower Products, Inc.v. Musilli (May 21, 1999), Miami App. Nos. 98 CA 58 and 98 CA 59, unreported, 1999 Ohio App. LEXIS 2283, at *8. See, also, Booher CarpetSales, Inc., supra, at *26 (stating the property owner is not liable to a subcontractor of the defaulted general contractor "for any amount greater than the unpaid balance of the contract, minus the cost to complete the contract according to its terms"). As such, the property owner does not bear the risk of non-payment by the general contractor to the subcontractor; instead, it is the subcontractor who bears this risk. Seeid.
In the present case, the trial court found that the contract price for the construction of Appellants' house was $972,000 and, at the time of Frederick Builders' abandonment, Appellants had paid $921,634.29. As such, the remaining unpaid balance due on the contract was $50,365.71. Additionally, the trial court determined that Appellants had paid more than the remaining unpaid balance to complete the house according to the contract specifications.
We find that the record supports the trial court's findings. Specifically, there was testimony and exhibits concerning the contract price, the amount paid at the time of Frederick Builders' abandonment, and the amount Appellants expended to complete the construction of their house. Furthermore, we note that painting was included in the contract price between Appellants and Frederick Builders. Particularly, Michael Littlejohn, owner of Frederick Builders, testified that painting was not considered an "extra" or an "allowance" to the terms of the contract. Therefore, Appellee can only obtain payment pursuant to the terms of the contract.
As the amount that Appellants spent to complete the construction of the house exceeded the remaining unpaid balance, Appellee does not have a claim for unjust enrichment. See Brower Products, Inc., supra, at *8. Consequently, we find that the trial court erred in awarding Appellee damages for unjust enrichment as it failed to consider the amount Appellants expended to complete the construction of their house. Accordingly, Appellants' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law in finding that Appellants were unjustly enriched when there was no evidence that the value of Appellants' property was increased by Appellee's work.
In their second assignment of error, Appellants contend that the trial court erred in finding that Appellants were unjustly enriched because Appellee failed to introduce evidence illustrating that Appellants' property value was increased as a result of Appellee's work. In light of our disposition in assignment of error one, we need not address this issue.
Appellants' first assignment of error is sustained and their second assignment of error is not addressed. The judgment of the Akron Municipal Court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., BATCHELDER, J. CONCUR.