**Howard M. SCHWARTZ**
**Plaintiff–Appellant,**

v.

**CINCINNATI MUSEUM ASSOCIA-**
**TION; Butler Museum of Amer-**
**ican Art Defendant–Appellees.**

**Nos. 00–3494, 00–3495, 00–3496.**

United States Court of Appeals,
Sixth Circuit.

April 12, 2002.

Before MARTIN, Chief Circuit Judge; BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Howard M. Schwartz appeals summary judgment ordered for Cincinnati Museum Association and Butler Museum of American Art in a consolidated action seeking to recover paintings from the Museums. The district court found the action barred by Ohio's statute of limitations. O.R.C. § 2305.09. For the following reasons, we AFFIRM the district court's decision to grant summary judgment.

### I.

This case involves three oil paintings by American Impressionist Theodore Robinson. Theodore painted several paintings in the late 1800s, and is considered one of the great American Impressionists. The three paintings at issue are "Road by the Mill," "The Girl with the Dog," and "Watching the Cows."

In 1896, Theodore died, and a court appointed his brother, Hamline Robinson, to administer his estate. On March 24, 1898, Hamline sold a number of Theodore's paintings at a public auction in New York called an "Administrator's Public Sale." None of the paintings at issue were sold as part of that auction. There is no record of whether Hamline made any private sales, and there is no documentation regarding Hamline's administration of his brother's estate.

Cincinnati Museum currently possesses "Road by the Mill" and "The Girl with the Dog," and Butler possesses "Watching the Cows." The history of how the Museums came to possess the paintings is detailed below.

### "Road by the Mill" and "Watching the Cows"

In 1896, Theodore loaned twenty-seven paintings, including "Road by the Mill" and "Watching the Cows" to the Central Art Association for an exhibition tour. He died later that year.

While Hamline was administering Theodore's estate, James William Pattison, an agent for Central Art, sold "Road by the Mill" to the director of Cincinnati Museum, Alfred T. Goshorn, for $100.00. Pattison sold "Watching the Cows" to Charles H. Ault for $75.00.

When the tour was over, Central Art returned twenty-five of the twenty-seven paintings that were on the tour to Hamline. Pattison wrote Hamline a note explaining that he had sold two of the paintings. The note did not specify which paintings he sold, however, attached to the note was a Central Art catalogue which listed "Road by the Mill" and "Watching the Cows," as paintings exhibited in its 1897 tour.

Cincinnati Museum acquired "Road by the Mill" as a bequest from Goshorn in 1931, and has regularly displayed "Road by the Mill" since that time.

Ault sold "Watching the Cows" to an art gallery in New York. In 1961, Butler purchased "Watching the Cows" from the gallery. Except for short loans to other museums, since 1961, Butler has continually displayed "Watching the Cows."

### "The Girl with the Dog"

According to Schwartz, Theodore exhibited "The Girl with the Dog" in 1883 under the title "Canine Patient." Schwartz alleges that it became part of the Robinson estate after the artist's death in 1896. Schwartz claims the painting was wrongfully converted or stolen from the estate and ended up in Edwin Ford's possession, a man who worked with Theodore on decorative commissions in the 1880s. There is no record of the painting's sale.

Schwartz claims that a letter written by Ford in 1918 evidences the paintings' conversion. In the letter, Ford explains that the painting came directly from Theodore's easel. According to Schwartz, Ford's letter misidentified the subjects of the painting which, Schwartz alleges, undermines Ford's claim that the paintings came directly from Theodore. Schwartz also maintains that Theodore's diary only contains one entry about Ford. He submits this as evidence that Ford and Theodore must not have been close friends, which he contends further undermines Ford's claim

that the painting came directly from the artist. However, only a few pages from the diary are in the record.

In 1971, A.M. Adler gave Cincinnati Museum "The Girl with the Dog" as a gift, and the Museum has regularly displayed the painting since that time. Schwartz asserts that Adler knew that the previous title had been "Canine Patient," and did not disclose this information, or any other information about the history of the painting, to Cincinnati Museum. Schwartz claims that Adler concealed this information to disguise that it had been converted or stolen. Schwartz also contends that Cincinnati Museum did not try to discover the history of the painting, though, he contends, it had reason to suspect a flaw in the title because of the change in the name. Based on these facts and allegations, Schwartz claims that Cincinnati Museum lacks legal title to the painting.

### Procedural History

In 1996, one of the artist's descendants, Thomas R. Hutchinson, filed three actions on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Hutchinson is a citizen of Washington. Cincinnati Museum and Butler are organized under the laws of Ohio, the state of their principal place of business. The amount in controversy in all three actions exceeds $75,000.00. Other descendants joined in an Amended Complaint. Now, Schwartz, the ancillary administrator, is the sole plaintiff.

On September 14, 1998, the Museums moved for summary judgment. In the motion, the Museums asserted that they were entitled to judgment as a matter of law because the Ohio statute of limitations bars the claims in Schwartz's three complaints.

On September 15, Schwartz filed cross-motions for summary judgment, arguing that he is entitled to summary judgment on the statute of limitations defense raised by the Museums. In addition, he argued that he is entitled to summary judgment on the merits of his claims regarding the paintings "Road by the Mill" and "Watching the Cows," and is therefore entitled to immediate possession of those paintings.

After a hearing on the parties' motions, the district court granted the Museums' motion for summary judgment. Schwartz moved the court to vacate and amend the judgments entered on April 16, 1999 pursuant to Federal Rule of Civil Procedure 59(e). His Motion to Vacate and Amend was denied. Schwartz timely appealed to this Court.

This court has jurisdiction over the consolidated appeal, pursuant to 28 U.S.C. § 1291, from the judgment entered April 16, 1999.

### II.

On an appeal from a motion for summary judgment, we review the district court's opinion *de novo*, reviewing the evidence in the light most favorable to the non-moving party. *Grand Rapids, Inc. v. Lakian*, 188 F.3d 401, 405 (6th Cir.1999). We decide whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Schwartz must "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the evidence is such that a reasonable jury could return a verdict for the non-moving party, then summary judgment should be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The principal issue in this case is whether Schwartz's action is barred by Ohio's four-year statute of limitations for the recovery of personal property. Ohio Rev.

Code § 2305.09. The Ohio statute of limitations governs because, in a diversity action, this court must look to the forum state's choice of law rules, *see Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 4, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975), and in Ohio, "the statute of limitations of the forum state are applied even if the facts of the case creating the cause of action dictate the use of other substantive law." *Charash v. Oberlin College,* 14 F.3d 291, 299 (6th Cir.1994).

Schwartz argues that neither Theodore nor Hamline authorized Pattison to sell "Road by the Mill" or "Watching the Cows," and that as a consequence, Pattison did not convey valid title to Goshorn or Ault. Schwartz also contends that Pattison concealed that he sold the two paintings from Hamline. Schwartz maintains that he became aware of the unauthorized transactions less than four years prior to filing his claims, and therefore is not barred by Ohio's statute of limitations. He claims that as ancillary administrator of the Theodore Robinson estate, he has legal title to the paintings and is entitled to possession. For the following reasons, we disagree.

Under the Ohio statute of limitations, in an action for the wrongful taking of personal property, "the causes thereof shall not accrue until the wrongdoer is discovered." Ohio Rev.Code § 2305.09. Ohio courts have held that the cause of action accrues under the statute of limitations when there is either actual or constructive knowledge of the wrongdoing. *See Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 181, 465 N.E.2d 1298 (1984). A person has constructive knowledge of the wrongdoing if he "has knowledge of such facts that would lead a fair and prudent man, using ordinary care and thoughtfulness, to make a further inquiry, and he fails to do so." *Id.*

Generally, both actual and constructive notice are factual questions, determined by a jury. *Charash,* 14 F.3d at 300. However, if the moving party shows that no issues of material fact exist, then the notice issue can be decided on summary judgment. *Id.* In order to determine if the action is timely, then, this court must determine whether there is a genuine issue of material fact as to when the cause of action accrued. *See Hambleton,* 12 Ohio St.3d at 181, 465 N.E.2d 1298.

We affirm the district court's decision to grant the Museums' motions for summary judgment because Hamline had constructive, if not actual, notice of any alleged wrongdoing. Hamline had a fiduciary duty to carefully administer his brother's estate. 31 Am.Jur.2d *Executors & Administrators* § 529 (1989). And, he had knowledge of such facts that "would lead a fair and prudent man, using ordinary care and thoughtfulness, to make a further inquiry" regarding the paintings at issue. *Hambleton,* 12 Ohio St.3d at 181, 465 N.E.2d 1298.

Schwartz has offered no evidence to attempt to show that Hamline was precluded from discovering the alleged wrongdoing, nor has he offered any evidence to show that the same facts from which Schwartz draws many of his conclusions were not accessible to Hamline.

Hamline knew that the paintings entitled "Road by the Mill" and "Watching the Cows," had been on the tour with Central Art, and he also knew that two paintings from the tour were sold. Moreover, the existence of the painting, now entitled, "The Girl with a Dog," was a public fact at the time Hamline was administering his brother's estate, and it is undisputed that there is no record of its sale. These are facts that would lead a reasonably prudent person, who has a fiduciary duty to carefully administer the estate, to make fur-

ther inquiries regarding the three paintings. Therefore, we find that Hamline had constructive knowledge of the alleged wrongdoing. Consequently, the cause of action accrued over a century ago, and it is barred by Ohio's four-year statute of limitations.

For the foregoing reasons, there are no genuine issues of material fact that would lead a reasonable jury to conclude that this action is timely, and therefore we AFFIRM summary judgment entered for the Museums.