OPINION
Plaintiff-appellant, Neumond Giles ("appellant"), appeals from the decision of the Portage County Court of Common Pleas finding appellant did not sustain his burden of proof in showing defendant-appellee, Barbara Hanning ("Hanning"), retained funds which were lawfully his and benefited from funds expended for an addition to her home.
On February 8, 1999, appellant filed a complaint for an accounting against Hanning, his stepdaughter. In the complaint, appellant averred he gave Hanning a general power of attorney on June 6, 1997, causing her to become his agent and creating a fiduciary relationship between the two. Appellant claimed Hanning entered into a series of transactions, resulting in her holding over $100,000 of his funds, which she refused to return. Appellant asked the court to require Hanning to render an accounting, account for the funds, and return the funds, plus interest.
On March 9, 1999, Hanning answered and counterclaimed for monies she expended in constructing an addition to her home in order to facilitate caring for appellant, who required around the clock nursing care. Hanning asked to be reimbursed for the reasonable value of the services she rendered to appellant while he resided in her home.
The parties stipulated Hanning sold appellant's residence and van because appellant would not be able to care for himself or live independently. Hanning admitted to possessing $72,162.32 of appellant's funds. The parties agreed a $40,000 addition was built on the Hanning home in order to meet the living needs of appellant. Appellant paid $20,000 of the cost of the addition. Appellant lived with Hanning from June 15, 1997 until April 24, 1998. Hanning provided around the clock care for appellant for several months. The power of attorney was revoked on May 26, 1998.
The matter came before the court for a bench trial on March 20, 2001. Appellant denied agreeing to financing any of the addition to the Hanning home. Appellant claimed Hanning took $153,000 from him. Hanning testified appellant did discuss the addition with her, with the understanding he could live there as long as he wished. Hanning denied having any need for an addition to her residence other than for the use of appellant. Hanning admitted there was no agreement that appellant would pay her for his care while he lived with her.
On March 27, 2001, the trial court issued its judgment entry. The court found appellant did authorize the sale of his home and the construction of the addition. The court stated the addition only added $20,000 in value to Hanning's residence, or the same amount she expended on the project. The trial court found in favor of Hanning as to appellant's claims. Because there was no agreement between the parties that appellant would pay Hanning for his care, the trial court found for appellant on the counterclaim. On April 6, 2001, appellant filed a motion to amend and supplement the court's conclusions of law or, in the alternative, a motion for new trial. Appellant asked that he receive at least $10,000 as half of the increase in value to the Hanning home. On June 18, 2001, the trial court overruled the motion. Appellant has appealed the trial court's judgment. On November 30, 2001, appellant's attorney filed a suggestion of death with this court, stating appellant died on October 20, 2001. On December 24, 2001, this court ordered the appeal to continue as if appellant was not deceased.
Appellant assigns the following errors for review:
 "[1.] The trial court erred to the prejudice of plaintiff-appellant as a matter of law in not awarding him at least $10,000.00 based upon evidence that he contributed $20,000.00 to construct an addition costing $40,000.00 to defendant-appellee's home.
 "[2.] The trial court's decision is against the manifest weight of the evidence."
Appellant's assignments of error will be addressed together as appellant did not argue the assignments of error separately and similar issues of law and fact are involved. Appellant claims his $20,000 contribution to the construction of the addition resulted in Hanning being unjustly enriched. Appellant argues that Hanning retains the use and enjoyment of the addition to her benefit. Appellant further asserts the trial court's judgment was against the manifest weight of the evidence.
Appellant is arguing Hanning was unjustly enriched by the addition to her home, constructed, at least partially, with his funds. The trial court's judgment entry of March 27, 2001, found that the parties agreed to build the addition, using $20,000 of appellant's funds. The court also found Hanning transferred the balance of appellant's funds to him at a bank where the transfer was witnessed and approved. Further, on March 15, 2001, the parties stipulated that appellant consented to the addition being made to the Hanning home and that appellant consented to the use of $20,000 of his money to assist in the construction costs.
There can be no recovery under the theory of unjust enrichment if there is an express agreement between the parties. See Hughes v. Oberholtzer
(1954), 162 Ohio St. 330; Nye v. Craig (June 30, 1994), 11th Dist. No. 93-P-0094, 1994 Ohio App. LEXIS 2910. According to the parties' stipulations, appellant agreed to provide funds for the addition. This express agreement negates any recovery by appellant under the doctrine of unjust enrichment.
Even if appellant could pursue his theory that Hanning was unjustly enriched by the addition to her home through the partial use of his funds, appellant's argument still must fail. The doctrine of unjust enrichment provides an equitable remedy imposed to prevent injustice.Banks v. Nationwide Mut. Fire Ins. Co. (Nov. 28, 2000), 10th Dist. No. 99AP-1413, 2000 Ohio App. LEXIS 5504. Unjust enrichment occurs when a party receives a benefit which, in justice and equity, belongs to another. Adkins v. Thompson (Aug. 20, 1999), 11th Dist. No. 98-P-0045, 1999 Ohio App. LEXIS 3882. The elements of unjust enrichment are: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183. A party must be enriched, and that enrichment must be unjust. DirectoryServices Group v. Staff Builders Int'l., Inc. (July 12, 2001), 8th Dist. No. 78611, 2001 Ohio App. LEXIS 3108. The plaintiff must show that, under the circumstances, he or she has a superior equity so that it would be unconscionable for the defendant to retain the benefit. Katz v. Banning
(1992), 84 Ohio App.3d 543. Further, a court must consider whether the defendant was the party responsible for the plaintiff's detrimental position. There must be a tie of causation between the loss to the plaintiff and the benefit to the defendant. U.S. Health Practices, Inc.v. Byron Blake, M.D., Inc. (Mar. 22, 2001), 10th Dist. No. 00AP-1002, 2001 Ohio App. LEXIS 1291.
A trial court's decision regarding unjust enrichment will not be reversed if it is supported by the manifest weight of the evidence. Dixonv. Smith (1997), 119 Ohio App.3d 308, 318. A reviewing court must be guided by a presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, a judgment, which is supported by some competent, credible evidence going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. Id.
Appellant's stance is that he should be reimbursed for half of the equity increase in the Hanning residence. Appellant maintains each party contributed half of the construction cost of the addition but Hanning retains the full benefit, while he received no benefit.
The record shows, and the parties' stipulated, that the sole purpose of the addition was to accommodate appellant's care. Hanning and her family lived in the residence for years without needing an addition. Appellant was free to stay with Hanning in the addition but voluntarily chose to leave. Hanning was not the party responsible for appellant's expenditure. Rather, appellant's physical condition and needs were the catalyst for the decision to add to the home. Hanning's enrichment, under these circumstances, hardly was unjust. She cared for appellant and expended funds to build an addition because of appellant's presence in her home and his poor physical condition.
Based upon the record, the decision of the trial court is supported by the manifest weight of the evidence. Appellant's first and second assignments of error are overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.