{¶ 44} While I concur with the majority's disposition of appellant's third, fourth and fifth assignments of error, I respectfully dissent from the majority's disposition of the first, second and sixth assignments of error.
 {¶ 45} The key issue in this dispute is whether a binding contract was formed. "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." Perlmuter Printing Co. v.Strome, Inc. (N.D.Ohio. 1976), 436 F. Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. Ohio Dept. ofIndus. Relations (1991), 61 Ohio St.3d 366, 369. In the case at bar, there is an oral agreement between the two parties for appellant to produce a new resume and give interviewing tips to appellee in exchange for $185.00. There is an offer and acceptance present in that on August 15, 2001, the parties were in agreement as to what each wanted. Both parties had the capacity to enter into such an agreement, and there is consideration present when appellee writes out the check for $185.00.
 {¶ 46} Short of finding the existence of a contract, appellant is entitled to compensation under the theory of quasi-contract. In Hambletonv. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183, the Ohio Supreme Court, citing Hummel v. Hummel (1938), 133 Ohio St. 520, 525, opined that liability in quasi-contract arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain. The court went on to state that the elements of a quasi-contract case as follows: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ("unjust enrichment").
 {¶ 47} Appellant received interviewing tips that are not provided to non-paying customers, and was aware of this. Appellee also provided the court with a copy of a resume prepared for appellant. Under the circumstances, it would be unjust for appellant to receive no payment for the services she provided.
 {¶ 48} In my opinion, the majority failed to give serious thought to the arguments set out by appellant as to the creation of a contract, or a quasi-contract. I would reverse the decision of the trial court.