OPINION
{¶ 1} Plaintiff-appellant, Cheryl Kitson, appeals from the judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Charlotte Berryman. For the following reasons, we affirm.
 {¶ 2} In 1992, appellant began working for appellee's real estate appraisal business, Berryman Appraisals, as a typist. Eventually, appellee, who was appellant's neighbor and friend, encouraged appellant to apply for a real estate appraiser license. After appellant received her license on July 28, 1998, she and appellee entered into an oral contract whereby appellant would appraise properties for Berryman Appraisals, and appellee would pay appellant for the appraisals she completed.
 {¶ 3} The testimony regarding the terms of this oral contract is in conflict. Appellant maintains the parties agreed that, initially, appellant would receive 40 percent of the gross income from all the appraisals she performed, and appellee would receive 60 percent. After appellant had been licensed for two years, appellant contends the split of the gross income would change to 50 percent for appellant and 50 percent for appellee.
 {¶ 4} Appellee's testimony regarding the percentage splits differs from appellant's recitation of the contract terms. Appellee maintains the parties agreed that appellant would be paid the applicable percentage only for paid appraisals. Thus, if a client failed to pay or did not pay in full, appellant would not receive any money, or would only be paid the applicable percentage of the money actually paid by the client.
 {¶ 5} Appellee compensated appellant per appellee's understanding of their agreement until June 2001, when appellant stopped doing appraisals for Berryman Appraisals. On August 29, 2001, appellant filed suit against appellee, alleging that appellee failed to pay appellant $20,270 in compensation for appellant's appraisal work. Appellant's action included breach of contract, fraud and unjust enrichment claims.
 {¶ 6} A bench trial was held on April 25 and 26, 2001, and resulted in a verdict in favor of appellee. In its findings of fact and conclusions of law, the trial court concluded that appellant failed to prove that appellee breached the contract or was unjustly enriched. The trial court found that, pursuant to the parties' agreement, appellee was required to compensate appellant only for paid appraisals. Further, the trial court found that appellant agreed to pay for expenses she incurred while doing an appraisal if the client failed to pay appellee for the appraisal.
 {¶ 7} On June 27, 2002, the trial court entered judgment in favor of appellee. Appellant then appealed from that judgment entry.
 {¶ 8} On appeal, appellant assigns the following errors:
 {¶ 9} "1. The decision in favor of the defendant-appellant by the trial court is unsupported by sufficient evidence and, therefore, it is contrary to law and should be reversed.
 {¶ 10} "2. The decision in favor of the defendant-appellee was against the weight of evidence and, therefore, it is contrary to law and should be reversed."
 {¶ 11} We will address appellant's assignments of error together. By her first assignment of error, appellant argues that the trial court's judgment for appellee on appellant's breach of contract and unjust enrichment claims is not supported by sufficient evidence. By her second assignment of error, appellant argues that the trial court's judgment for appellee on appellant's breach of contract and unjust enrichment claims is against the manifest weight of the evidence.
 {¶ 12} When confronted with an argument that the evidence does not support the verdict in a civil case, a reviewing court must apply a standard similar to the standard for determining whether to sustain a motion for a judgment notwithstanding the verdict. Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525, 530. Thus, the reviewing court must determine "whether there exists any evidence of substantive probative value that favors the position of the nonmoving party." Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512,2002-Ohio-2842, at ¶ 3. In making this determination, a reviewing court must not weigh the evidence or determine the credibility of the witnesses, but, rather, must give the non-moving party the benefit of all reasonable inferences from the evidence. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119.
 {¶ 13} In addressing appellant's weight of the evidence argument, we are guided by the principle that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Further, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Cent. Motors Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581, 584.
 {¶ 14} The outcome of this case largely turns on the nature and terms of the parties' contract. " `A contract is an agreement, upon sufficient consideration, between two or more persons to do or not to do a particular thing.' " Nilavar v. Osborn (2000), 137 Ohio App.3d 469,483, quoting Lawler v. Burt (1857), 7 Ohio St. 340, 350. In order to prove a breach of contract, a plaintiff must establish the existence and terms of a contract, the plaintiff's performance of the contract, the defendant's breach of the contract and damage or loss to the plaintiff. Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 2002-Ohio-443, at ¶27.
 {¶ 15} In the case at bar, the parties do not dispute the existence of an oral contract governing the amount of compensation due to appellant for her appraisal work. The parties, however, do dispute the terms of that contract. In its verdict, the trial court resolved this dispute by concluding that, under the contract, appellant was to receive compensation only for paid appraisals. The trial court based its conclusion on appellee's testimony that, under their agreement, appellee would compensate appellant only for appraisals appellant performed for which clients actually paid. Additionally, appellant pled in her complaint, and appellee admitted in her answer, that appellant would receive 40 percent, and later 50 percent, of the "total paid for each appraisal." [Complaint, at ¶ 5; Answer, at ¶ 5.] Given this testimony, sufficient competent, credible evidence supported the trial court's conclusion.
 {¶ 16} Because the parties' contract required that appellant be compensated only for paid appraisals, in order to prove a breach of contract, appellant was required to show that appellee did not totally compensate appellant for the paid appraisals. However, appellant testified that she did not know whether or not clients paid appellee for those appraisals appellant claimed she performed, but for which she was not compensated. Rather, appellant testified that her allegations of breach and her calculation of damages were based upon the amounts she believed had been invoiced to clients. As the trial court recognized, appellant produced no documents or other evidence showing the amounts actually invoiced to clients or the amounts actually paid by clients. Accordingly, we conclude that appellant failed to present sufficient competent, credible evidence establishing that appellee breached the contract. Consequently, appellant's sufficiency and manifest weight of the evidence arguments fail.
 {¶ 17} Our conclusion is not altered by appellant's argument that competent, credible evidence shows that she was never responsible for paying the overhead and expenses. Based upon the testimony of appellee, the trial court held that appellant, not appellee, was responsible for the payment of overhead and expenses when clients did not pay. Even if we were to reject the trial court's holding and accept appellant's argument, appellant cannot prevail because she failed to show in the first place that appellee breached the contract by not compensating appellant for paid, not just invoiced, appraisals. Whether appellant or appellee was responsible for overhead and expenses has no bearing upon appellant's failure to present evidence to establish that she was owed any compensation for paid appraisals.
 {¶ 18} As previously noted, appellant's complaint also contained a claim for unjust enrichment. In order to prove unjust enrichment, a plaintiff must establish a benefit conferred by the plaintiff upon a defendant, the defendant's knowledge of the benefit, and the defendant's retention of the benefit under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Berry Corp. (1984),12 Ohio St.3d 179, 183. However, where damages may be available for breach of contract or in tort, the party cannot also invoke the equitable remedy of unjust enrichment. Saraf v. Maronda Homes, Inc., Franklin App. No. 02AP-461, 2002-Ohio-6741, at ¶ 12, quoting Banks v. Nationwide Mut. Fire Ins. Co. (Nov. 28, 2000), Franklin App. No. 99AP-1413.
 {¶ 19} As we explained above, the terms of the parties' oral contract governed the amount of compensation due to appellant for her appraisal work. Because a contract addressed the matter in dispute, the equitable remedy of unjust enrichment was not available to appellant. Thus, we decline to address appellant's evidentiary arguments given that, as a matter of law, appellant cannot recover on her unjust enrichment claim.
 {¶ 20} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.