DECISION AND JUDGMENT ENTRY
{¶ 1} Midwest Environmental Controls, Inc. ("Midwest") appeals from a judgment by the Toledo Municipal Court in favor of William Houttekier, d/b/a/ Spray Insulations Systems, ("SIS"). Because we conclude that the Toledo Municipal Court erred in its finding of fact, we reverse and remand.
 {¶ 2} This case involves a contractor (Midwest) and a subcontractor (SIS). Midwest, who specialized in asbestos removal entered into conversations with SIS to participate in a job at Bowling Green State University. During a walk-through of the project, Sheets, an agent of Midwest, and Houttekier, the president of SIS, agreed that SIS would work on the project. The exact terms of their discussion is not clear from the record; however, SIS billed Midwest $17,902 after materials had been purchased. Midwest responded by sending a check for $8,951 to SIS "just to help him out." For reasons not readily apparent, Bowling Green State University canceled the asbestos removal project. Midwest sent Sheets, its agent, to SIS to take possession of the purchased project materials, but Sheets discovered SIS had 165 bags of material with an estimated value of only $2,145 — although at trial SIS presented a receipt for 396 bags of material with a value of $5,522.
 {¶ 3} Ultimately, Midwest sued Houttekier, the president of SIS, for $6,484.25, the amount of money paid ($8,951) minus the estimated cost of the 165 bags of material ($2,145). After a trial to the bench, the trial judge entered a decision that favored Houttekier, in part, because Midwest had possession of the purchased project materials.
 {¶ 4} Midwest, the contractor, raises a sole assignment of error: "The trial court's judgment entry is against the manifest weight of the evidence because material facts in the trial court's judgment entry are inconsistent with the undisputed evidence." We agree.
 {¶ 5} Midwest argues that the trial court erred when it made factual mistakes in its judgment entry: (1) that Midwest paid SIS $6,484.25 for materials, when the payment was actually for $8,951; (2) that Midwest took possession of the materials that SIS had purchased after the job was terminated without being performed.
 {¶ 6} While deference is due to the trial judge as the finder of fact, because he was in the best position to view the witnesses, observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony, the judgment must be supported by some competent credible evidence. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus; Vogel v.Wells (1991), 57 Ohio St.3d 91, 96.
 {¶ 7} Here, the trial court made two errors. The record shows that Midwest paid $8,951, and that SIS never released to Midwest the materials for the failed project. These factual mistakes created a situation where SIS was unjustly enriched. Unjust enrichment occurs when a party has or retains money or benefits, which in justice and equity belong to another. Hummel v. Hummel (1938), 133 Ohio St. 520, 528. It arises out of the concept of quasi contract. A quasi contract is not the result of a meeting of the minds but is implied and imposed by law to prevent a party from enjoying benefits which in equity and good conscience he is not entitled to retain. Hughes v. Oberholtzer (1954), 162 Ohio St. 330, at paragraph one of syllabus.
 {¶ 8} To prove unjust enrichment certain factors must be present: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Burgin v. Madden, 6th Dist. No. L-01-1267, 2002-Ohio-2636, at ¶ 29, citing Hambleton v. R.G. Barry Corp.(1984), 12 Ohio St.3d 179,183. Here, all factors are met. Midwest sent SIS a check for $8,951, so a benefit was conferred. SIS had knowledge of this benefit since $5,522 — at most — had been spent on the materials for the Bowling Green State University project. To allow SIS to keep both the materials and the payment would be unjust.
 {¶ 9} The case, therefore, must be reversed and remanded to the trial court for further proceedings consistent with this judgment. We sustain Midwest's sole assignment of error. On consideration whereof, we find that substantial justice was not done to the party complaining and reverse the judgment of the Toledo Municipal Court. Appellee is ordered to pay the court costs of this appeal.
 JUDGMENT REVERSED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer, J.