[Cite as *Caskey v. Caskey*, 2013-Ohio-3964.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| WALTER CASKEY | C.A. No.    12CA0052 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIM CASKEY, EXECUTRIX | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.    12-CV-0038 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2013

HENSAL, Judge.

{¶1}    Walter Caskey appeals a judgment of the Wayne County common pleas court that dismissed his complaint against his daughter Kim Caskey, executrix of the estate of his ex-wife, Helen Caskey.  For the following reasons, this Court affirms.

I.

{¶2}    Walter and Helen Caskey divorced in December 2006.  According to Mr. Caskey, before they divorced, his wife asked him if they could help their daughter Kim obtain a $25,000 loan for medical expenses.  He agreed, so Ms. Caskey posted $28,000 at Wayne Savings Bank as collateral for their daughter's loan.  Thereafter, at the time of the divorce, the Caskeys stipulated that they

> have $28,000 posted as collateral at Wayne Savings Bank on an account for a loan that Wayne Savings Bank made to their daughter Kim Caskey.  The loan is approximately $25,000 plus interest.  The parties agree [that] they will utilize the $28,000 and pay off the loan.  The parties agree [that] the repayment by Kim Caskey shall be made equally to each party.

{¶3}     Helen Caskey died in December 2010.  In September 2011, Mr. Caskey sued their daughter because he had never received any payments from her.  Then, according to Mr. Caskey, when he took his daughter's deposition in December 2011, he learned that, instead of loaning the $25,000 to their daughter as they had agreed, Ms. Caskey used the $28,000 posted as collateral for their daughter's loan to pay the bank the balance on the loan and had instructed their daughter that in doing so, they were gifting this amount to her and she would not be obligated to repay any monies to them.  He, therefore, dismissed his action against his daughter and, in January 2012, filed an action against Ms. Caskey's estate, alleging that the decedent, Helen Caskey, had made fraudulent misrepresentations to him about how the $28,000 asset would be divided and retained or returned to the parties pursuant to the terms of their divorce decree.

{¶4}     Following discovery, the Estate moved for summary judgment, arguing that Mr. Caskey could not prove the elements of fraud, that his claim was untimely under Revised Code Section 2117.06 because he did not present it within six months after Ms. Caskey's death, that his claim was barred by the four-year statute of limitations under Section 2305.09(C), and that his claim did not satisfy Civil Rule 60(B).  The trial court granted its motion, determining that Mr. Caskey knew or should have known about the alleged fraud as of July 26, 2007.  It, therefore, concluded that his claim was barred by the four-year statute of limitations under Section 2305.09(C).  Mr. Caskey has timely appealed the trial court's judgment.

II.

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT/APPELLEE KIM CASKEY, EXECUTRIX SUMMARY JUDGMENT.

{¶5}     Mr. Caskey argues that the trial court incorrectly granted summary judgment to the Estate.  Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

{¶6} Under Section 2305.09(C), an action "[f]or relief on the ground of fraud" "shall be brought within four years after the cause thereof accrued[.]" Section 2305.09(E) provides that, if an action is for fraud, "the cause[ ] * * * shall not accrue * * * until the fraud is discovered." Mr. Caskey argues that even though Ms. Caskey committed the alleged fraud in 2006, because he did not learn about her gift to their daughter until 2011, his action is timely under Section 2305.09.

{¶7} Interpreting Section 2305.09, the Ohio Supreme Court has explained that "[a] cause of action for fraud * * * accrues either when the fraud is discovered, or [when] in the exercise of reasonable diligence, the fraud should have been discovered." *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 29. "When determining whether the exercise of reasonable diligence should have discovered a case of fraud, the relevant inquiry is whether the facts known 'would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *.'" *Id.*, quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 181 (1984). "Reasonable diligence * * * entails some effort by the [party] to dispel his confusion,

doubt, or suspicion." *Woodrow v. Heintschel*, 194 Ohio App.3d 391, 2011-Ohio-1840, ¶ 41 (6th Dist.).

{¶8} On July 26, 2007, Mr. Caskey wrote a letter to his ex-wife notifying her that he was

> going to sign a civil suit on [their daughter] to get $12,500 that she owes to me. I don't have all the money to do this, but I'll borrow it somewhere. [Daughter] owes to me the same amount that I owe you. You screwed me on the house, furniture, garage tools, 4 or 5 thousand dollars on the car, bank account, IRA, the $28,000 at Wayne Savings, [and] $15,000 on the motor home.

When asked about the letter at his deposition, Mr. Caskey testified that, at the time he wrote the letter, he "knew or had some * * * belief at that time that [Ms. Caskey had] misled [him] in some way" at the time of their divorce. Upon being asked follow-up questions about what he knew at the time that he wrote the letter, Mr. Caskey clarified that his "opinion that * * * [Ms. Caskey] had misled [him] in the divorce case, included an opinion that [he] believed she misled [him] about the * * * funds that are in dispute in this lawsuit * * *."

{¶9} Viewing the evidence in a light most favorable to Mr. Caskey, we agree with the trial court that Mr. Caskey's letter and deposition testimony demonstrates that, when he wrote the July 26, 2007, letter, he had enough suspicion about what had happened to the $28,000 that he and his ex-wife had posted as collateral for their daughter's loan that "a fair and prudent man, using ordinary care and thoughtfulness, [would have made] further inquiry." *Cundall* at ¶ 29, quoting *Hambleton* at 181. The court correctly determined that, if Mr. Caskey had exercised reasonable diligence, he should have known by July 26, 2007, that his ex-wife had not disposed of the money as they had agreed. Accordingly, his January 27, 2012, claim for fraud was not timely under Section 2305.09(C). Ms. Caskey's assignment of error is overruled.

III.

**{¶10}** The trial court correctly granted summary judgment to Ms. Caskey's estate. The judgment of the Wayne County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, P. J.
DISSENTING.

**{¶11}**  For the following reasons, I respectfully dissent from the majority's decision.

**{¶12}**  The majority states that, pursuant to R.C. 2305.09(C) and (E), an action for relief on the grounds of fraud shall be brought within four years of when the *fraud is discovered*. Further the majority concludes that the July 26, 2007 letter and Mr. Caskey's deposition testimony prove he had knowledge of the fraud as early as July of 2007, thus triggering the four-year statute of limitations at that time.  However, in reviewing the letter and deposition testimony, it is ambiguous at best as to whether Mr. Caskey discovered the fraud in July of 2007.

**{¶13}**  In the letter to his ex-wife, Mr. Caskey states that their daughter owes him money, suggesting that, at the time he wrote the letter, he believed a loan existed for $28,000.00. Further, although Mr. Caskey accuses his ex-wife of "screw[ing]" him on numerous things, including the $28,000.00 at Wayne Savings Bank, he does not specify how he believes she took advantage of him.   From his deposition testimony, it is clear that Mr. Caskey believes he and his ex-wife have an agreement with their daughter regarding the loan, and that the funds for the loan had come from their savings account and a Fair Finance CD.  At the very end of the deposition, Mr. Caskey says, without further elaboration, that, in 2007, he believed his ex-wife misled him in *some way* in their divorce case with regard to the funds in question.

**{¶14}**  Reviewing the grant of summary judgment, we are required to view the evidence in a light most favorable to Mr. Caskey, the non-moving party.  Under that standard of review, it is clear to me that issues of material fact remain as to whether he had knowledge of the alleged *fraud* at the time he wrote the July 26, 2007 letter. *See Temple*, 50 Ohio St.2d at 327.  It is well within reason to believe that Mr. Caskey may have been upset with regard to the division of

property in the parties' divorce and generally felt misled by his ex-wife, without amounting to knowledge of fraud as to this particular loan.

{¶15} Therefore, because reasonable minds could differ as to when Mr. Caskey discovered the fraud and triggered the statute of limitations, I would reverse the judgment and remand for a trial on this issue.

APPEARANCES:

BRYAN K. BARNARD, Attorney at Law, for Appellant.

TODD E. CHEEK, Attorney at Law, for Appellee.