OPINION
{¶ 1} Appellants, A. Bonamase Leasing, Inc. and Scott Bonamase, appeal from the March 21, 2007 judgment entry of the Portage County Court of Common Pleas, granting summary judgment in favor of appellee, Ohio Cat, and against appellants in the amount of $33,596.36 plus 18 percent interest from September 30, 2005. Appellants additionally appeal from the August 31, 2007 judgment entry, denying appellee's request for attorney fees and taxing the costs of the action to appellants. *Page 2 
 {¶ 2} On February 13, 2006, appellee filed a complaint for unjust enrichment against appellants, demanding that judgment be rendered against them in the amount of $17,983 plus interest at the rate of 6 percent per annum from November 12, 2005, plus costs. On April 26, 2006, appellant A. Bonamase Leasing, Inc. filed its answer.
 {¶ 3} On August 9, 2006, appellee filed an amended complaint for unjust enrichment against appellants, demanding that judgment be rendered against them in the amount of $33,596.36 plus interest at the rate of 18 percent from September 30, 2005, plus costs and attorney fees.
 {¶ 4} On December 8, 2006, appellee filed a motion for summary judgment pursuant to Civ. R. 56. Appellants filed a joint response to appellee's motion for summary judgment on February 9, 2007. On March 1, 2007, appellee filed a reply to appellants' response.
 {¶ 5} Pursuant to its March 21, 2007 judgment entry, the trial court granted summary judgment in favor of appellee and against appellants in the amount of $33,596.36 plus 18 percent interest from September 30, 2005.
 {¶ 6} On April 9, 2007, appellants filed a motion to vacate judgment pursuant to Civ. R. 60(B). Appellee filed a brief in opposition on April 23, 2007. The trial court denied appellants' motion to vacate on May 17, 2007.
 {¶ 7} On May 30, 2007, appellants filed a motion for reconsideration. Appellee filed a combined motion to strike appellants' motion for reconsideration and motion for sanctions pursuant to Civ. R. 11 and R.C. 2323.51 on June 5, 2007. On June 29, 2007, the trial court overruled appellants' motion for reconsideration as well as appellee's motion to strike and motion for sanctions. *Page 3 
 {¶ 8} On August 13, 2007, a hearing was held before the magistrate on appellee's request for an award of attorney fees. The magistrate ordered that no attorney fees be awarded to appellee and that appellants be assessed costs of the action. No objections were filed.
 {¶ 9} Pursuant to its August 31, 2007 judgment entry, the trial court adopted the magistrate's decision and denied appellee's request for attorney fees and taxed the costs of the action to appellants.
 {¶ 10} It is from the foregoing March 21, 2007 and August 31, 2007 judgments that appellants filed a timely notice of appeal, asserting the following assignment of error for our review:
 {¶ 11} "The trial court erred in granting summary judgment to [appellee] against [appellants] because discovery propounded to a[n] [appellant] who has not been properly served with the complaint or the discovery is not valid and failure to respond to such discovery cannot be considered as grounds for summary judgment."
 {¶ 12} In their sole assignment of error, appellants argue that the trial court lacked jurisdiction to consider their failure to deny requests for admissions as a basis for summary judgment on the amended complaint, since appellee failed to properly serve them with an amended complaint and discovery requests.
 {¶ 13} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "`A reviewing court will apply the same standard a trial court is required to apply, which is to *Page 4 
determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" Id.
 {¶ 14} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, ***."Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40. (Parallel citation omitted.) *Page 5 
 {¶ 15} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, ***, is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMitseff. (Emphasis added.)" Id. at ¶ 41. (Parallel citation omitted.)
 {¶ 16} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Id. at 276. (Emphasis added.)'" Id. at ¶ 42. (Emphasis sic.)
 {¶ 17} In the case at bar, the pleadings are legally unsystematic and lack consistency and logical order. There are two defendants: a corporation by the name of A. Bonamase Leasing, Inc., and an individual defendant, Scott A. Bonamase, a.k.a. Scott Bonamase ("Bonamase").
 {¶ 18} At issue is the first amended complaint containing two counts: count one is a claim for "unjust enrichment," and count two is a claim for an NSF check. While the caption of the first amended complaint refers to the above-named distinct defendants, the body of the first amended complaint refers only to the "defendant." Nowhere in the first amended complaint does appellee define the "defendant" as both Bonamase and A. Bonamase Leasing, Inc. Further, although the issue before us is the granting of a motion for summary judgment, it appears from the record that the amended complaint *Page 6 
was never properly served on Bonamase, and that neither party has filed an answer to the first amended complaint.
 {¶ 19} In Ohio, unjust enrichment is a quasi-contract theory. InHambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183, the Supreme Court of Ohio cited to Hummel v. Hummel (1938),133 Ohio St. 520, 525, for the observation that "liability in quasi-contract `arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain ***.'" The court went on to state the elements of a quasi-contract case as follows: "`(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ("unjust enrichment").'" Id. See, also, Dixon v. Smith (1997),119 Ohio App.3d 308, 317-18.
 {¶ 20} In the case before us, the pleadings in the record and the evidentiary material supplied by appellee in support of its motion for summary judgment have not established the elements of unjust enrichment. If the appellee does not establish all the elements of unjust enrichment, the burden does not shift to the non-moving party to respond. This is of particular importance since the record does not indicate why Bonamase is personally responsible for this debt. There is no indication if Bonamase signed an account agreeing to be personally liable; if he set up the original account personally; or if he made some oral representation that he would guarantee the debt. Further, it should have been alleged and proven by appellee if Bonamase had made some specific contract with appellee. If the only reason appellee used unjust *Page 7 
enrichment as a theory of recovery is that Bonamase in some way agreed to be personally responsible for the debt of the corporation, that was never proven.
 {¶ 21} In support of its motion for summary judgment, appellee relied on two things: the affidavit of the credit manager and the alleged admissions of Bonamase. The affidavit of the credit manager refers to the amount due on an account, but it does not indicate how either defendant is liable, nor does it purport to address the elements of unjust enrichment. Further, while appellee relies on the "admissions" of Bonamase, the record does not establish that these admissions were properly served. The request for admissions directed at Bonamase was, according to the Certificate of Service, purportedly served on August 10, 2006, by mailing it to James E. Lanzo ("Attorney Lanzo"). However, the record is clear that Attorney Lanzo never, at any time, entered an appearance for Bonamase. Therefore, this purported service of admissions was valid only as to the corporate defendant. Appellee recognizes this at page five of its brief by stating "[e]ven assuming arguendo that James Lanzo represented only A. Bonamase Leasing, Inc.; hence, only A. Bonamase Leasing, Inc. was served with the Request for Discovery, A. Bonamase Leasing, Inc. still did not file a Response thereto." However, this does not rectify the service problems on Bonamase.
 {¶ 22} The second count in the First Amended Complaint alleges issuance of an NSF check and an improper "charge back" of "defendant's" credit card. However, it is clear from the attachments that the NSF check was not written on an account of Bonamase. It was written on an account for the corporate defendant. In addition, although not entirely clear from the record, the improper "charge back" was apparently from the Bonamase personal credit card. If Bonamase did not owe the money *Page 8 
personally, the cancellation of his personal authorization does not necessarily create any liability on his part.
 {¶ 23} The Supreme Court of Ohio recently clarified the circumstance under which an individual may be held liable for a corporate debt. InDombroski v. Wellpoint, Inc., 119 Ohio St.3d 506, 2008-Ohio-4827, the second prong of the test set forth in Belvedere Condominium Unit Owners'Assn. v. R.E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274, was modified. In Dombroski, supra, the Supreme Court stated:
 {¶ 24} "*** to fulfill the second prong of the Belvedere test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Court should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in instances of extreme shareholder misconduct." Id. at ¶ 29.
 {¶ 25} Even if we accepted the admissions as propounded by appellee, they do not meet this test for personal liability of a corporate debt in a summary judgment exercise.
 {¶ 26} Of greater concern in this case is the amount of damages awarded. The majority of the damages assessed against the defendants were awarded as a result of invoking treble damages, as provided in R.C. 2307.61. In order to invoke those provisions, there must be strict compliance with the notice provisions as outlined under R.C. 2307.61(C).
 {¶ 27} To support its claim for treble damages, appellee relies upon a check written on an account in the name of A. Bonamase Leasing, Inc. However, the record *Page 9 
does not establish who signed this check. It would be pure speculation to allege that the signature is that of Bonamase. Therefore, based on the record before us, the only defendant that would have any exposure to the treble damage provisions of R.C. 2307.61 is the corporate defendant; yet, the record does not reflect that notice was sent to the corporation, as required by R.C. 2307.61(C). Plaintiffs Exhibit D, the only letter in the record that purports to comply with R.C. 2307.61(C), is a letter sent only to Bonamase. Therefore, according to our review of the record, the corporation never received the required notice.
 {¶ 28} Appellee has not offered how it concluded that Bonamase was responsible for issuing the check. In addition, while the check is clearly written from the corporate defendant, it does not necessarily follow that an officer or other authorized signator is automatically subject to the treble damage provisions of R.C. 2307.61. Therefore, a summary treble damage award against either Bonamase or the corporation is clearly inappropriate and results in a windfall for appellee.
 {¶ 29} Both parties are at fault for the state of the pleadings in this case. As such, this case should be reversed and remanded to allow the parties to get the case back on a proper track and require appellee to properly establish the factual basis for its claims.
 {¶ 30} For the foregoing reasons, appellants' sole assignment of error is well-taken. The judgment of the Portage County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion. It is ordered that appellee is assessed costs herein taxed. The court finds there were reasonable *Page 10 
grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1