BRYAN C. CONAWAY, 126 North 9th Street, Cambridge, OH 43725, For Plaintiffs-Appellants.
CHAD A. ENDSLEY, LEAH F. CURTIS, AMY MILAM, 280 North High Street, P.O. Box 182383, Columbus, OH 43218-2383, For Amici Curiae Ohio Farm Bureau Fed. & Guernsey County Farm Bureau.
DANIEL P. CORCORAN, JAMES S. HUGGINS, KRISTOPHER O. JUSTICE, 424 Second Street, Marietta, OH 45750, DONALD D. BROWN, 803 Steubenville Avenue, Cambridge, OH 43725, For Defendants-Appellees.
TIMOTHY B. MCGRANOR, GREGORY D. RUSSELL, 52 E. Gay Street, P.O. Box 1008, Columbus, OH 43216-1008, For Amicus Curiae Ohio Oil & Gas Association.
JUDGES: Hon. W. Scott Gwin, P.J., Hon. Craig R. Baldwin, J., Hon. Earle E. Wise, Jr., J.
OPINION
Wise, Earle, J.
*689 {¶ 1} Plaintiffs-Appellants, Barry L. Browne and Rosa R. Browne, appeal the July 31, 2017 decision of the Court of Common Pleas of Guernsey County, Ohio, granting summary judgment to Defendants-Appellees, Artex Oil Company, Artex Energy Group LLC, Arloma Corporation, and James Huck, LLC.
FACTS AND PROCEDURAL HISTORY
{¶ 2} Appellants own approximately eighty-six acres located in Guernsey County, Ohio. Appellants' predecessor in title, Mary Mercer, entered into an oil and gas lease on December 20, 1975, recorded on January 26, 1976. The lease created a primary lease term of one year, and contained a habendum clause which provided an extension of the one year term "long thereafter as oil and gas, or either of them, is produced by lessee from said land or from a communized unit as hereinafter provided."
{¶ 3} Pursuant to the lease, one well was drilled on the property known as the Mercer No. 1 Well, commenced during the one year primary term and completed on February 17, 1977. Appellees acquired an interest in the lease by assignment recorded October 4, 1999.
{¶ 4} On December 1, 2014, appellants filed a complaint against appellees for quiet title, declaratory judgment, intentional conversion, and unjust enrichment, claiming the lease was a burden on their property and was no longer valid due to lack of production of oil and/or gas from the Mercer No. 1 Well from inception to 1999.
{¶ 5} On December 15, 2014, appellees filed an answer asserting in part a statute of limitations defense, and filed a counterclaim for declaratory judgment, claiming the lease was valid and enforceable because the well had been continuously producing since 1977.
{¶ 6} On July 15, 2015, appellees filed a motion for summary judgment, claiming continuous production of oil from the well. By judgment entry filed August 26, 2015, the trial court found genuine issues of material fact to exist and denied the motion.
{¶ 7} On January 15, 2016, appellants filed a motion for summary judgment, claiming the lease was void because there was no evidence of production from 1981 to 2000 and substantial periods of non-production from 1999 to the present. On January 19, 2016, appellees filed a second motion for summary judgment, again claiming continuous production. A hearing was held on April 13, 2016. By judgment entry filed May 5, 2016, the trial court denied the motions.
{¶ 8} On June 27, 2017, appellees filed a motion for reconsideration based on new case law. On June 29, 2017, appellants also filed a motion for reconsideration based on new case law. By judgment entry filed July 31, 2017, the trial court granted appellees' motion for reconsideration and granted appellees' motion for summary judgment, finding the lease was valid and enforceable and genuine issues of material fact did not exist.
{¶ 9} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
{¶ 10} "THE TRIAL COURT ERRED WHEN IT HELD THAT THE PLAINTIFFS'
*690 CLAIMS WERE BARRED BY A 15 YEAR STATUTE OF LIMITATIONS."
II
{¶ 11} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE BURDEN OF PROOF RESTS WITH THE PLAINTIFFS' WHEN SEEKING DECLARATORY JUDGMENT TO TERMINATE AN OIL AND GAS LEASE FOR LACK OF PRODUCTION IN PAYING QUANTITIES."
III
{¶ 12} "THE TRIAL COURT ERRED WHEN IT HELD THAT PRODUCTION RECORDS AND AFFIDAVITS CAN BE USED TO EVIDENCE PRODUCTION, IN THE ABSENCE OF EVIDENCING THE LEGAL TENDER OF OIL."
IV
{¶ 13} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE PLAINTIFFS' WERE SEEKING TO PROVE THE WELL WAS NO LONGER PROFITABLE, WHEN THE PLAINTIFFS' CASE WAS BASED ON AN (SIC) QUESTION OF NON-PRODUCTION OF OIL."
{¶ 14} This case was resolved via a motion for summary judgment pursuant to Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996) :
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
{¶ 15} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc., 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).
{¶ 16} As explained by this court in Leech v. Schumaker, 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, 2015 WL 6460079, ¶ 13 :
It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in Dresher v. Burt (1996), 75 Ohio St.3d 280 at 293 [662 N.E.2d 264] : "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed *691 in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150 [309 N.E.2d 924].
{¶ 17} We will review the assignments of error under these standards.
I
{¶ 18} Appellants claim the trial court erred in determining the statute of limitations in the case was fifteen years as opposed to twenty-one years. We disagree.
{¶ 19} Appellants argue their claim is an action for the recovery of title or possession of real property; therefore, the applicable statute of limitations should be twenty-one years under R.C. 2305.04. Appellants also argue if the statute of limitations was extended to twenty-one years, "the evidence before the court would be substantially different. The ODNR records indicate there was no reported production prior to 1999, and there are no known production records available to the lessee." Appellants' Brief at 2-3.
{¶ 20} In its judgment entry filed July 31, 2017, the trial court held the following:
3. The Court finds that there is a 15-year statute of limitation against the Plaintiffs Browne in this case. Therefore, any lack of production prior to 1999, would be irrelevant. See Potts v. Unglaciated Industries, Inc., 2016-Ohio-8559 [77 N.E.3d 415] (7th Dist.), headnote 14 which states, "Lessee, who held oil and gas lease on property, was not required to show production in paying quantities for the entire 112-year secondary term of the lease to continue to extend the terms of the lease; the 15 year statute of limitations applicable to an action on a written agreement applied to lease," citing to R.C. 2305.041 and R.C. 2305.06.
{¶ 21} To determine the appropriate statute of limitations in a case, the Supreme Court of Ohio has stated, "courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." Hambleton v. R.G. Barry Corp., 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).
{¶ 22} A review of the complaint reveals the "actual nature or subject matter of the case" is a dispute over the written terms of the lease agreement. The lease agreement created a primary term of one year. A habendum clause provided: "said term shall extend long thereafter as oil and gas, or either of them, is produced by lessee from said land or from a communized unit as hereinafter provided." The complaint alleged the lease had been broken due to nonproduction and as a result, appellants sought declaratory judgment that the lease was no longer in effect and should be cancelled.
{¶ 23} R.C. 2305.041, effective April 6, 2007, governs actions regarding breach of lease or license for oil or gas drilling, and states the following:
*692 With respect to a lease or license by which a right is granted to operate or to sink or drill wells on land in this state for natural gas or petroleum and that is recorded in accordance with section 5301.09 of the Revised Code, an action alleging breach of any express or implied provision of the lease or license concerning the calculation or payment of royalties shall be brought within the time period that is specified in section 1302.98 of the Revised Code. An action alleging a breach with respect to any other issue that the lease or license involves shall be brought within the time period specified in section 2305.06 of the Revised Code.
{¶ 24} Because this case involves an issue other than the calculation or payment of royalties, we look to R.C. 2305.06 which states the following: "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within eight years after the cause of action accrued."[1]
{¶ 25} Upon review, we find the trial court did not err in determining the statute of limitations in the case to be fifteen years.
{¶ 26} Assignment of Error I is denied.
II
{¶ 27} Appellants claim the trial court erred in determining the burden of proof rested with them in their declaratory judgment action because the burden of continued production always falls on the lessee. We disagree.
{¶ 28} In its judgment entry filed July 31, 2017, the trial court determined appellants had the burden to prove the wells were no longer profitable, citing in support the case of Burkhart Family Trust v. Antero Resources Corp., 7th Dist. Monroe, 2016-Ohio-4817, 68 N.E.3d 142. The Burkhart case was an action for declaratory judgment, and was resolved via a bench trial, not summary judgment. The Burkhart court determined the lessor bore the burden of proof to establish the wells under the subject lease were not producing.
{¶ 29} In a summary judgment context, as noted above, the moving party bears the burden of demonstrating that no issues of material fact exist for trial. Civ.R. 56(C). Once the moving party satisfies that burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E).
{¶ 30} In the case sub judice, each party filed a motion for summary judgment. Both motions were denied. Each party then filed a motion for reconsideration. By judgment entry filed July 31, 2017, the trial court granted appellees' motion for reconsideration and granted appellees' motion for summary judgment, finding the lease was valid and enforceable and genuine issues of material fact did not exist.
{¶ 31} In S.E.A., Inc. v. Dunning-Lathrop & Associates, Inc., 10th Dist. Franklin Nos. 00AP-165 and 00AP-178, 2000 WL 1863392, *5 (Dec. 21, 2000), our brethren from the Tenth District stated the following:
[I]n cases where the opposing parties file cross-motions for summary judgment, the assertion by each party that there are not factual issues is limited to the purposes of the moving party's motion, and such admissions by the movant may not be applied to the adversary's motion. The filing of cross-motions for summary judgment accordingly does not *693 establish the absence of a material issue of fact.
{¶ 32} A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991).
{¶ 33} As the moving party, appellants bore the burden of proof in their motion for summary judgment. Appellees bore the burden of proof in their motion for summary judgment. Once appellees satisfied their burden, appellants bore the burden to produce evidence on any issue for which they bore the burden of production at trial.
{¶ 34} In support of their motion for summary judgment, appellees produced numerous affidavits establishing continued production. The burden then shifted to appellants to produce evidence to support their declaratory judgment action à la Burkhart.
{¶ 35} Upon review, we do not find the trial court erred in determining the burden of proof rested with appellants in their declaratory judgment action.
{¶ 36} Assignment of Error II is denied.
III
{¶ 37} Appellants claim the trial court erred in determining production records and affidavits could be used to prove oil and gas production. We disagree.
{¶ 38} Specifically, appellants argue appellants were required to produce evidence of "legal tender of oil" or "run tickets" to prove continued production. In support of their position, appellants cite the case of Mobberly v. Wade, 7th Dist. Monroe, 2015-Ohio-5287, 44 N.E.3d 313. The Mobberly court affirmed the trial court's granting of summary judgment to the lessee, finding continuous production of the well based upon the evidence presented. The evidence consisted of production records which included receipts and production records. "The receipts showed the date the oil was picked up, the tank number the oil was taken from, and the amount of oil removed from the tank. The production reports listed the number of barrels sold and Appellant's allocation of the corresponding royalties." Mobberly at ¶ 15.
{¶ 39} In the case sub judice, appellants argue appellees have presented run tickets evidencing production limited to 2009, 2010, and 2011. Therefore, appellees have only presented evidence of production for three years consistent with the Mobberly standard of evidence.
{¶ 40} The Mobberly court did not limit evidence of production to run tickets only. The Mobberly court determined in order to prevail on summary judgment, the lessee "need only produce evidence that oil was produced." Id. at ¶ 16. Examples of proof of production include royalty payments to lessor, lessee's accountant's charts, and affidavits. RHDK Oil & Gas, LLC v. Dye, 7th Dist. Harrison No. 14 HA 0019, 2016-Ohio-4654, 2016 WL 3522555 ; Hogue v. Whitacre, 7th Dist. Monroe, 2017-Ohio-9377, 103 N.E.3d 314 ; Potts v. Unglaciated Industries, Inc., 7th Dist. Monroe, 2016-Ohio-8559, 77 N.E.3d 415.
{¶ 41} In its judgment entry filed July 31, 2017, the trial court determined appellees' production records and affidavits could be used to show the continuous production of the well, not just the "run tickets" as argued by appellants. We agree with the trial court's determination.
{¶ 42} Upon review, we find the trial court did not err in determining production records and affidavits could be used to prove oil and gas production.
*694 {¶ 43} Assignment of Error III is denied.
IV
{¶ 44} Appellants claim the trial court erred in determining their issue was profitability when it was about production. We disagree.
{¶ 45} The habendum clause provided an extension of the one year lease in the event oil and gas, or either of them, is produced by lessee from the land. This court has determined "the term 'produced' in a habendum clause means 'produced in paying quantities.' " Morrison v. Petro Evaluation Services, Inc., 5th Dist. Morrow No. 2004 CA 0004, 2005-Ohio-5640, 2005 WL 2715578, ¶ 39. Accord Barclay Petroleum, Inc. v. Bailey, 4th Dist. Hocking, 2017-Ohio-7547, 96 N.E.3d 811, ¶ 20.
{¶ 46} In its judgment entry filed July 31, 2017, the trial court found appellees "have presented significant evidence that the well has been producing in paying quantities" via numerous affidavits. In three additional findings, the trial court referenced production, not profitability.
{¶ 47} Upon review, we find the trial court did not determine their issue was one of profitability as opposed to production.
{¶ 48} Assignment of Error Iv is denied.
{¶ 49} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Gwin, P.J. and Baldwin, J. concur.

The statute was amended from fifteen years to eight years, effective September 28, 2012. Neither party is arguing that eight years is the applicable time period.